```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF KENTUCKY
                     CENTRAL DIVISION at LEXINGTON
```

GERARD DADY,                    )
                                )
    Plaintiff,                  )
                                )   Civil Case No. 16-cv-17-JMH
v.                              )
                                )
LIBERTY INSURANCE               )
CORPORATION,                    )   **MEMORANDUM OPINION & ORDER**
                                )
    Defendant.                  )

                                    ***

The Court has reviewed the Notice of Removal filed in this matter by Defendant Liberty Insurance Corporation ("Liberty") [DE 1]. In his Complaint, Dady avers that Liberty has injured him by virtue of breach of contract, common law bad faith, violations of Kentucky's Unfair Claims Settlement Practices Act and Consumer Protection Act arising out of property damage sustained during a wind storm on or about April 25, 2015, and Liberty's subsequent handling of his homeowner's insurance claim. Defendant removed this case on January 15, 2016, pursuant to 28 U.S.C. § 1332, 1441, and 1446, asserting that the case could have been brought in federal court originally because the parties have diverse citizenship and the amount in controversy is greater than $75,000.

"In cases like the one at hand, 'where the plaintiff seeks to recover some *unspecified* amount that is not self-evidently

greater or less than the federal amount-in-controversy requirement,' the defendant must show that it is more likely than not that the plaintiff's claims exceed $75,000." *King v. Household Finance Corp. II*, 593 F.Supp.2d 958, 959 (E.D. Ky. 2009) (emphasis in original) (citing *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993)). Defendant must come forward with competent proof showing that the amount-in-controversy requirement is satisfied, and speculation is not sufficient to meet this burden. *Id*. (holding that defendant offered "mere averments" and not "competent proof" where notice of removal stated only that "in light of the plaintiffs' claims for compensatory damages, punitive damages, and attorney fees, it is clear that the amount in controversy threshold is met"); *see also Hackney v. Thibodeaux*, Civil Action No. 10-35-JBC, 2010 WL 1872875, *2 (E.D.Ky. May 10, 2010) (holding that there was no competent evidence of requisite amount in controversy where defendant relied on plaintiff's pleading which sought to recover past and future medical expenses, lost wages, future impairment of the power to earn money, and past and future pain and suffering and mental anguish for injuries which are "serious and permanent in nature.").

Plaintiff's initial pleading did not allege a specific amount in controversy. In its Notice of Removal, Defendant relies on Plaintiff's response to its Requests for Admission,

2

"[a]dmit that your total claimed damages related to the Incident, including attorney's fees, do not exceed Seventy-Five Thousand Dollars," and "[a]dmit that you are not seeking in excess of Seventy-Five Thousand Dollars ($75,000) in this matter."  Plaintiff responded, "[a]dmitted at this stage, however the attorney's fees in this case may escalate and exceed $75,000 by the time of trial."  A potential award of attorneys fees is properly considered in determining whether the amount in controversy requirement is satisfied where provided for by statute (here, KRS 403.12-235(3)).  *See Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376-77 (6th Cir. 2007).  In this instance, however, the Court is not immediately persuaded that Defendant has demonstrated by a preponderance of the evidence that the amount in controversy "more likely than not" exceeds $75,000 where there is admission that the Plaintiff does not have damages and is not seeking in excess of $75,000 but states that there "may" be an escalation of attorneys fees that "may" cause an award of damages to exceed $75,000 by the time of trial.

Unless Defendant can offer some additional competent proof of an amount in controversy which exceeds $75,000 or legal argument to support a conclusion that jurisdiction is appropriate based on the scenario presented to this Court, i.e., that "may" is somehow equal to "more likely than not," the Court

3

is of the opinion that it lacks jurisdiction over this matter and that the matter should be remanded to Boyle Circuit Court.

Accordingly and upon the Court's own motion, **IT IS ORDERED** that Defendant shall **SHOW CAUSE** within **fourteen (14) days** of entry of this order why this matter should not be remanded to Boyle Circuit Court.

This the 20th day of January, 2016.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge