```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                       CENTRAL DIVISION at LEXINGTON
```

GERARD DADY,                     )
                                 )
    Plaintiff,                  )
                                 )   Civil Case No. 16-cv-17-JMH
v.                               )
                                 )
LIBERTY INSURANCE                )
CORPORATION,                     )   **MEMORANDUM OPINION & ORDER**
                                 )
    Defendant.                  )

                                                  ***

       Defendant has filed its Response [DE 7] to this Court's January 20, 2016, Order [DE 6] to show cause why this matter should not be remanded to Boyle Circuit Court because there is no competent proof showing that the amount-in-controversy requirement of 28 U.S.C. § 1332 is satisfied such that this Court would have had original jurisdiction over this matter between diverse parties.  Having considered the Response, the Court concludes that remand is appropriate in the absence of a preponderance of evidence to suggest that jurisdiction is appropriate.

       Defendant insists, without citation to relevant case law, that Plaintiff's admission that his attorney's fees alone "may" exceed $75,000 is sufficient to meet the amount in controversy requirement without more.  Defendant has not persuaded the Court that "may" is the same as "more likely than not" for, if

something "may" be, it is just as likely that it "may not" be. Further, while Plaintiff concedes that attorney's fees by themselves may exceed $75,000 if the attorney's fees escalate, the same could be true of almost any case – given enough hours invested and enough fees accrued. Since Plaintiff has not stated that it is more likely than not that fees will escalate to that point in this case, it is equally possible such an escalation may not occur.

Thus, there is no evidence of record from which the Court can conclude that damages are *more likely than not* to exceed $75,000. The lack of evidence in the record leaves the Court with no basis on which to determinate that diversity jurisdiction is proper.[1]  *See,* e.g., *Heartland-Mt. Airy of Cincinnati Oh, LLC v. Johnson*, No. 1:15-CV-86, 2015 WL 667682,

---

[1] Defendant suggests for the first time that the amount in controversy is met because Plaintiff can seek up to the policy limit, $267,500, and may seek damages for emotional distress. There is no evidence in the record, however, to suggest that Plaintiff seeks anywhere close to that amount. Defendant's own estimate of the amount of damage to Plaintiff's home was $5,803.16, less $1,365.80 in depreciation and a $1,337.50 deductible. [*See* DE 7-2.] Certainly, Plaintiff must believe that the damage is greater than what Defendant assessed or he would not have sued Defendant, but there is no evidence to suggest that the amount is in excess of $75,000 or would push the total sought anywhere close that amount.
   Further, Defendant suggests that the amount in controversy is met because an extraordinary amount of punitive damages may be awarded, pointing to high jury awards for punitive damages in cases tried over the last seventeen years in Kentucky, in which punitive damages were awarded in ratios ranging from 1:1 to 1:10 based on compensatory damages awarded. [*See* DE 7-3.] Defendant makes no effort to explain how these bad faith cases are analogous to the one at hand, nor with the Court speculate in the absence of any suggestion of the amount of potential compensatory damages in this matter.

at *5 (S.D. Ohio Feb. 17, 2015) (citing *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 829 (6th Cir. 2006)).

The Court lacks jurisdiction over this matter. Accordingly, the action is **REMANDED** to Boyle Circuit Court.

This the 8th day of February, 2016.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge